Order, insofar as appealed from affirmed, with $10 costs and disbursements. Memorandum: There has been no motion to sever the action brought by Nacey against Howard Sober, Inc., and Wawrzycki based on common-law negligence and against the Baltimore and Ohio Railroad Company under the Federal statutes. All the causes of action based on negligence should *1090 be tried together. In the absence of a motion to sever Nacey’s action, there was no abuse of discretion in granting the order appealed from. All concur, except Piper, J., who dissents and votes for reversal in the following memorandum: In the absence of a motion to change the place of trial of the action of Nacey v. Baltimore & Ohio B. B. Go. from Monroe County to Cattaraugus County, I find no authority in the Special Term to order that action tried with the other two actions in Cattaraugus County. Even though we assume that there is authority for the change of venue, I am of the opinion that the plaintiff Nacey has been deprived of a “ substantial right ” by this order, i.e., the right to open and close. The Nacey action against the railroad company is based on the provisions of the Federal Employers’ Liability Act (U. S. Code, tit. 45, § 51 et seq.) and the Federal Safety Appliance Act (U. S. Code, tit. 45, § 1 et seq.). The other actions are based on common-law negligence. The rules governing the right of recovery on these two theories are entirely different, and to be required to defend the Nacey action at the same trial in which it is seeking to recover damages caused by the alleged negligence of defendants, Wawrzycki and Sober, will be confusing to the jury and may prejudice the rights of the railroad company. (Appeal from part of an order directing that three actions be tried together without consolidation, with the railroad company having the right to open and close, and denying motion by the railroad company for a separate trial of the third action in Monroe County.) Present — Taylor, P. J., McCurn, Yaughan, Kimball and Piper, JJ.